IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES L. HARDIMAN and
RUTH A. HARDIMAN,

          Plaintiffs,

v.                                          CIVIL ACTION NO. 3:15-13282

ELAHS INDUSTRIES, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss. ECF No. 4. For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.

**I.    Background**

According to the Complaint, on or about February 2015, Defendant offered to purchase the mineral rights of Plaintiffs for $400.00 per acre for 144 acres. ECF No. 1, Ex. 2, at ¶ 6. Plaintiffs accepted this offer and entered into an agreement with Defendant to sell the mineral rights for a total sum of $57,600.00. *Id.* at ¶ 7. On or about April 7, 2015, Defendant sent Plaintiffs an Order of Payment outlining the terms of the sale. *Id.* at ¶ 8. Plaintiffs executed the mineral deed conveying the mineral rights of their 144 acres of property to Defendant on or about April 14, 2015 and the mineral deed was recorded in the Wayne County Clerk's Office on or about June 5, 2015. *Id.* at ¶¶ 9, 10. Plaintiffs claim that Defendant has failed to pay Plaintiffs the $57,600.00 owed. *Id.* at ¶ 11. As such, Plaintiffs assert claims for breach of contract and fraudulent misrepresentation.

**II.    Standard of Review**

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III. Discussion

1. <u>Breach of contract</u>

Defendant argues that Plaintiffs do not provide sufficient facts to prove a breach of contract claim, and therefore they fail to state a claim upon which relief can be granted. This argument is without merit. To establish a breach of contract claim under West Virginia law, a plaintiff must

establish "[1] the existence of a valid, enforceable contract; [2] that the plaintiff has performed under the contract; [3] that the defendant has breached or violated its duties or obligations under the contract; [4] and that the plaintiff has been injured as a result. *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 714 (S.D.W. Va. 2009).

Here, Plaintiffs have alleged that there was a contract between the parties to sell certain mineral rights in exchange for payment, that Plaintiffs performed under the contract by executing a mineral deed to Defendant, that Defendant breached its duties under the contract by failing to pay Plaintiffs the amount agreed to in exchange for the mineral rights (i.e. $57,600), and that the Plaintiffs have suffered monetary damages as a result. ECF No. 1, Ex. 2, ¶¶ 14–22. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiffs have satisfied this standard. Defendant's arguments regarding specific terms of the contract, including that "Plaintiffs have violated the express terms of the Order of Payment by holding an unreleased mortgage on the property interest at issue,"[1] are matters best resolved after discovery. *See Ranson v. Bank of Am.*, 3:12-5616, 2013 WL 1077093, at *5 (S.D.W. Va. March 14, 2013).

As such, Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint is denied.

2. Fraudulent misrepresentation

Defendant argues that Plaintiffs do not sufficiently allege a claim for fraudulent misrepresentation. Under West Virginia law, to establish a claim for fraud, a plaintiff must prove that "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances

---

[1] ECF No. 5, at 5.

in relying upon it; and (3) that he was damaged because he relied upon it." *Ashworth v. Albers Med., Inc.*, 410 F. Supp. 2d 471, 477 (S.D.W. Va. 2005) (internal quotation marks and citations omitted). Additionally, Rule 9(b)'s heightened pleading requirement mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). In other words, under Rule 9(b) a plaintiff is required to plead "the time, place, and contents of the false misrepresentations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks and citations omitted).

Defendant claims that Plaintiffs' allegations of fraudulent misrepresentation in the Complaint fall short of this standard. The Court agrees. In the Complaint, Plaintiffs allege:

1. At the time the contracts were signed by the Plaintiff[s] and Defendant the Defendant represented that the Plaintiffs would be paid for the property.

2. Plaintiffs now believe that at no time did the Defendant intend or have the means to pay for the property and has recently informed the Plaintiffs that a third party buyer is now "out of money" and that the Defendant is waiting on the third party buyer to come up with additional funds to pay for the property.

3. The Plaintiff[s] relied on the representation of the Defendant when [they] entered into the contract.

ECF No. 1, Ex. 2, at ¶¶ 24–26. Plaintiffs' allegations do not adequately describe the "who, what, when, where, and how" required under Rule 9(b) to sufficiently plead fraud. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citations omitted).

As such, Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint is granted. If Plaintiffs wish to amend their Complaint to provide a more definite statement, pursuant to Fed. R.

Civ. P. 9(b), regarding their fraudulent misrepresentation claim, they must move the Court to do so within 14 days.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED in part** and **DENIED in part**. If Plaintiffs wish to amend their Complaint regarding their claim for fraudulent misrepresentation, they must request leave of the Court to do so **on or before May 25, 2016**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 11, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE